UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DOUGLAS TRAVIS,

    Petitioner,                   Civil No. 2:15-CV-13807
                                                HONORABLE GEORGE CARAM STEEH
v.                                             UNITED STATES DISTRICT JUDGE

JOSEPH BARRETT,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Fred Douglas Travis, ("petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Brett Michael DeGroff of the State Appellate Defender Office, petitioner challenges his conviction for possession of a firearm during the commission of a felony, second offense, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is SUMMARILY DENIED.

## I. Background

Petitioner's conviction arises out of a traffic stop that occurred in Detroit, Michigan on March 7, 2013.

Petitioner's trial counsel filed a motion to suppress the firearm, on the ground that it was the fruit of an illegal search and seizure. An evidentiary

hearing was conducted on petitioner's motion to suppress in the Wayne County Circuit Court on October 11, 2013.  Officers Thomas Rogers and Jason Kile of the Detroit Police Department testified and were subjected to cross-examination by defense counsel.  Counsel asked the trial judge to review the videotape from the dashboard of the police officers' vehicle which recorded the stop, the seizure of the firearm, and the arrest.  The videotape did not contain any audiorecording.  Defense counsel argued that the videotape would impeach the officers' testimony that they had reasonable suspicion to believe that petitioner's car was stolen, so as to justify their continued detention of petitioner, which lead to the discovery of the firearm.  The judge denied counsel's request to view the videotape of the search and seizure and subsequently denied petitioner's motion to suppress the evidence.

On November 5, 2013, petitioner entered a conditional guilty plea, which preserved his right to challenge the legality of the search and seizure.

Appellate counsel filed a motion for the judge to amend the pleadings, in which he asked the judge to reconsider his earlier ruling and to review the videotape of the stop.  The judge denied the motion on November 21, 2014. *People v. Travis,* No. 13-7592-01 (Wayne County Circuit Court, Nov. 21, 2014).

Appellate counsel appealed the denial of the motion to suppress and the judge's denial of the motion for reconsideration to the Michigan Court of Appeals and the Michigan Supreme Court.  Petitioner's conviction was affirmed on appeal.

*People v. Travis,* No. 324946 (Mich.Ct.App. Jan. 30, 2015); *lv. den.* 498 Mich. 867, 866 N.W.2d 450 (2015).

Petitioner seeks a writ of habeas corpus on the following ground:

MR. TRAVIS'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURES WAS VIOLATED WHEN POLICE DETAINED HIM PAST THE TIME ANY CONCEIVABLE REASONABLE SUSPICION HAD DISSIPATED, AND MR. TRAVIS WAS NEVER PROVIDED WITH AN OPPORTUNITY FOR FULL AND FAIR LITIGATION AS THE STATE COURT REFUSED TO VIEW PROFFERED VIDEO EVIDENCE WHICH WOULD CONCLUSIVELY SHOW POLICE LIED AT HIS EVIDENTIARY HEARING.

## II. Discussion

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the

3

practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005).

Petitioner contends that the firearm should have been suppressed because the police continued to detain petitioner after any reasonable suspicion that the car that he was driving was stolen had dissipated. Although petitioner litigated the issue at his evidentiary hearing, petitioner contends that he was denied the opportunity to fully and fairly litigate the issue because the judge refused to view the videotape of the stop from the police dashboard camera. Petitioner claims that the videotape would have impeached the officers' testimony that they did not return to their police vehicle to run a LEIN check on the vehicle and on petitioner before ordering him to get out of his car. Petitioner claims that the videotape shows Officer Rogers handing something to Officer Kile, who walks toward the

practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005).

Petitioner contends that the firearm should have been suppressed because the police continued to detain petitioner after any reasonable suspicion that the car that he was driving was stolen had dissipated. Although petitioner litigated the issue at his evidentiary hearing, petitioner contends that he was denied the opportunity to fully and fairly litigate the issue because the judge refused to view the videotape of the stop from the police dashboard camera. Petitioner claims that the videotape would have impeached the officers' testimony that they did not return to their police vehicle to run a LEIN check on the vehicle and on petitioner before ordering him to get out of his car. Petitioner claims that the videotape shows Officer Rogers handing something to Officer Kile, who walks toward the

camera and off the screen. According to petitioner's counsel, "Then, the picture jumps slightly as if Officer Kile has sat down in the vehicle." A few minutes later, Officer Kile returned to the screen. Petitioner's counsel argues that the "only explanation is that, contrary to Officer Rogers' sworn testimony, Officer Kile did run checks on Mr. Travis and/or the car." [1] Counsel argues that this fact is "critical because it shows one of two circumstances must have existed: (1) the officers did run a check on the car and knew it wasn't stolen or (2) the officers had stopped investigating whether the car was stolen." [2] Counsel argues that under either scenario, the police no longer had any reason to believe that that the car was stolen, petitioner's continued detention was unlawful, the police had no basis to order petitioner from the vehicle, and the firearm should have been suppressed as the fruit of an illegal search.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*,

---

[1] Memorandum of Law in Support, p. 12.

[2] *Id.,* pp. 12-13.

674 F. 2d 522, 526 (6th Cir. 1982).  The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).  Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).  "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F. 2d 51, 57 (3rd Cir. 1986)).  Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir. 1994)).

   Petitioner claims that he was denied a full and fair opportunity to litigate his Fourth Amendment claim because the judge refused to view the videotape recording of the search and seizure prior to denying the motion to suppress.

   The trial judge's failure to view the videotape of the search and seizure prior to denying the motion to suppress does not mean that petitioner did not

6

have a full and fair opportunity to litigate his Fourth Amendment claims. *See Good v. Berghuis,* 729 F. 3d 636, 638-40 (6th Cir. 2013); *reh'g denied* (Jan. 8, 2014), *cert. denied*, 135 S. Ct. 1174 (2015).  The Sixth Circuit in *Good* noted that "[t]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639.

The Sixth Circuit in *Good* gave several reasons for their rationale.  First, the holding in *Stone v. Powell* looked at "the *opportunity* for fair consideration presented by the state courts, not the procedure used in a given case to address the specific argument of a given defendant." *Good,* 729 F. 3d at 639 (emphasis original)*.*  Moreover, "[I]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.*

The Sixth Circuit further noted that "this approach accords with traditional federalism and comity principles—considerations that animated *Stone v. Powell* in the first instance and considerations that take center stage whenever evaluating the scope of federal habeas corpus review. " *Good,* 729 F. 3d 639*.*  Thus, "it would be an unusual intrusion for federal courts to second-guess state procedures for resolving motions once they have been presented." *Id.*

Third, the Sixth Circuit noted that it would be "impractical" for a federal court in a habeas case to review the procedures used to adjudicate a motion to suppress in state court in that it "would raise more questions than answers." *Good,* 729 F. 3d at 639. The Sixth Circuit observed that: "[I]t is not feasible to prescribe a uniform set of procedures for every suppression dispute." *Id.,* at 639-40.

Finally, and most importantly, the Sixth Circuit noted:

> Fourth, a contrary approach would collapse the hearing inquiry into the merits inquiry. The right to a hearing would turn on how strong the underlying exclusionary claim was, prompting an inquiry of the sort *Stone v. Powell* prohibited in order to determine whether *Stone v. Powell* applied. Our approach, and the majority rule, asks a more basic and readily administrable question: Did the state courts permit the defendant to raise the claim or not?

*Good v. Berghuis*, 729 F.3d at 640.

In the present case, petitioner was able to present his Fourth Amendment claim to the state trial court in his pre-trial motion to suppress and in his post-trial motion for reconsideration. Petitioner was later able to present his Fourth Amendment claim to the Michigan appellate courts. That is sufficient to preclude review of the claims on habeas review. *Good v. Berghuis,* 729 F. 3d at 640. Petitioner is not entitled to relief on his claim.

### III. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a

certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

    For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621,

629 (E.D. Mich. 2001)(Steeh,J.). Petitioner is not entitled to certificate of appealability on his Fourth Amendment claim, because it is non-cognizable on federal habeas review. *See Taylor v. Myers,* 345 F. Supp. 2d 855, 871-72, 875 (W.D. Tenn. 2003).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

Dated: November 4, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 4, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk